JASPER E. JONES, Judge,
dissenting.
I respectfully dissent from that portion of the majority’s opinion which made the previously issued writ peremptory and maintained the exception of prematurity as to the defendants’ admitted liability of $59,-000.00.
A suit is premature if it is brought before the right to enforce it has accrued. Prematurity is determined by the facts existing at the time suit is filed and evidence may be considered in determining whether a claim had matured. Fairfield Devl. Co. v. Jackson, 438 So.2d 664 (La.App. 2d Cir. 1983); LSA-C.C.P. art. 423, 930. In Hart v. Springfield Fire & Marine Ins. Co., 136 La. 114, 66 So. 558 (1914) the plaintiff-insured sued on a policy of insurance for $1,400.00 on an automobile which had been destroyed by fire. The defendant-insurer filed an exception of prematurity asserting that the policy provided for a mandatory appraisal, when there was disagreement as to the amount of the loss, and deferred policy payments until sixty days after satisfactory proof of loss had been received. The court found that prior correspondence established that the defendant had admitted liability in the amount of $750.00 and held as follows:
“We agree with the Court of Appeals that the defendant’s declaration that $750 “represents the value of the car destroyed” was an admission of liability to that extent....
The plaintiff’s suit for the amount of the liability admitted by the defendant was not premature.” 136 La. at 122-123, 66 So. at 560-561.
The record establishes that the defendants submitted an estimate to the plaintiffs on March 12, 1984, in the amount of $59,-000.00 for structural repair of the residence. The trial court found as a fact that the defendants admitted that the cost of repair was at least $59,000.00. The record fully supports this factual determination. The totality of the evidence establishes that USF & G would have paid this amount in settlement of the claim. There is no dispute that it would cost at least this amount to repair plaintiffs’ fire loss. Mr. F.A. Wiegmann testified at the hearing on the exception that he had offered to pay $59,-000.00 in settlement of the claim. By the time' suit was filed, no unconditional tender of this amount had been made by the defendants. This time period between the acquisition of the estimate and the institution of suit was in excess of the sixty day limit established by the insurance contract. This admitted liability matured into the status of an enforceable claim by June 14, 1984, the date suit was filed. Hart v. Springfield Fire & Marine Ins. Co., supra; Riverland Oil Mill v. Underwriters For Lloyd’s, 368 So.2d 156 (La.App. 2d Cir.1979); Nations v. Excess Ins. Co., 377 So.2d 433 (La.App. 2d Cir.1979); Benoit v. American Mutual Insurance Co. of Boston, 236 So.2d 674 (La.App. 3d Cir.1970), writ denied, 256 La. 874, 239 So.2d 366 (1970).
It is clear that the plaintiffs filed suit asserting only one cause of action against the defendant and seeking to enforce the full amount of the defendants’ obligation to compensate for the fire damage to the residence. The defendants’ admission of liability in the amount of $59,000.00 had matured into a legal claim when this suit was filed. The rationale of Hart v. Springfield Fire & Marine Ins. Co. compels the conclusion that this portion of the plaintiffs’ claim is not premature and that there is no procedural impediment to its immediate litigation. Cf. LSA-C.C.P. art. 425. No principal distinction can be made between the mandatory appraisal provisions in the insurance policy in Hart with the appraisal *139 requirements subsequently incorporated in LSA-R.S. 22:691(F)(2).
For the foregoing reasons I respectfully dissent from the majority’s opinion and would hold that the exception of prematurity cannot be maintained against the $59,-000.00 admitted liability of the defendants and that the plaintiffs should be immediately allowed to have their day in court to enforce collection on this amount.